the judgment of divorce previously obtained by him in the courts of a foreign jurisdiction, on the ground of lack of jurisdiction, and to claim that, since his former wife was living, he was incapable of entering into a valid marriage with the plaintiff. (*Brown* v. *Brown*, 266 N. Y. 532.) Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

## (May 5, 1938.)

MAYO L. FRENCH, JR., Respondent, v. JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, GEORGE J. GILLESPIE and Others, as Commissioners of the Board of Water Supply of the City of New York, Appellants.— Action by a taxpayer to enjoin the commissioners of the board of water supply from entering into certain specified contracts, on the ground that the wage schedules affecting them, filed by the comptroller of the city of New York, are void, and to enjoin the comptroller from certifying these specified contracts, for the reason that wage schedules are not in conformity with subdivision 3 of section 220 of the Labor Law, are illegal, and constitute waste. Order granting plaintiff's motion for an injunction *pendente lite* and denying defendants' cross-motion to dismiss the complaint, reversed on the law and the facts, with ten dollars costs and disbursements, motion for injunction *pendente lite* denied, with ten dollars costs, and motion to dismiss the complaint granted, with ten dollars costs. The complaint does not state a cause of action. (*Ziegler* v. *Chapin*, 126 N. Y. 342, 348; 7 Carmody N. Y. Practice, p. 269, § 220.) The complaint is insufficient on either the theory of fraud or illegality. The plaintiff in effect concedes that it is insufficient on the theory of fraud. The facts in the affidavits, if put in appropriate form in the complaint, would not establish illegality. Moreover, it may be that under section 51 of the General Municipal Law such an action cannot be maintained by a taxpayer against the commissioners of the board of water supply of the city of New York, in view of the activities of that board in various parts of the State, including the supplying of water to certain communities outside the city of New York. (*Schieffelin* v. *Komfort*, 212 N. Y. 520; *Halleran* v. *City of New York*, 132 Misc. 73; affd., 226 App. Div. 785.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

## (May 6, 1938.)

FRED L. COLE, Appellant, v. MANUFACTURERS TRUST COMPANY and Others, Respondents, and Others, Defendants. (Appeal No. 1.) — Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

LILLIAN HOLLAND, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. [See *ante*, p. 16.] Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of the Application of THE CITY OF NEW YORK to Acquire Title, etc., to Queens Boulevard from Van Dam Street to Hillside Avenue, etc. In the Matter of the Application of CHARLES SIMONSON and REMSEN JOHNSON, as Surviving Executors and Trustees, etc., of FRANK DE HASS SIMONSON, Deceased, and Another, Appellants, for an Order Directing Payment to Them of the Award for Damage Parcel 589 with Lawful Interest; CITY OF NEW YORK, Respondent.

In the Matter of the Application of THE CITY OF NEW YORK to Acquire Title, etc., to 62nd Avenue, etc., from Queens Boulevard to 94th Place, etc. In the Matter of the Application of CHARLES SIMONSON and REMSEN JOHNSON, as Surviving Executors and Trustees, etc., of FRANK DE HASS SIMONSON, Deceased, and Another, Appellants, for an Order Directing Payment to Them of the Awards for Damage Parcels 8 and 8A with Lawful Interest; CITY OF NEW YORK, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of the General Assignment of WILLIAM L. EARLL to H. MELVILLE RENAUD and ELMER E. DEY, JR., for the Benefit of Creditors. C. MILTON FOREMAN, Appellant, v. H. MELVILLE RENAUD, ELMER E. DEY, JR., as Assignees, etc., of WILLIAM L. EARLL, and MORSE & BUFFUM, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of the Rehabilitation of LAWYERS MORTGAGE COMPANY. In the Matter of a Plan for the Readjustment, Modification or Reorganization of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Located at 82–15 Britton Avenue, Borough of Queens, County of Queens, City and State of New York, Guaranteed by LAWYERS MORTGAGE COMPANY and Designated as Mortgage No. 38850. CASINO REALTY CORP., Appellant; BROOKLYN TRUST CO., as Trustee, etc., and O'MALLEY & WILSON, Attorneys for Certificate Holders, etc., Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

MARCEL KOVARSKY, on Behalf of Himself and All Other Similarly Situated Consumers of Gas Supplied by the BROOKLYN UNION GAS COMPANY, Appellant, v. THE BROOKLYN UNION GAS COMPANY, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. [See 253 App. Div. 635.] The following question is certified: Does the complaint state facts sufficient to constitute a cause of action? Present — Hagarty, Carswell, Adel and Close, JJ.; Lazansky, P. J., not voting.

JAMES J. McLOUGHLIN, as Receiver, etc., Respondent, v. WALTER W. McMEEKAN, as Trustee, etc., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for resettlement denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

P. WALKER MORRISON and Others, as Trustees under a Declaration of Trust Dated the 27th day of March, 1936, and a Plan of Reorganization for Series B-K Mortgage Investments, etc., Respondents, v. LENA GILMAN, Also Known as LENA EPSTEIN, Appellant, and SAMUEL EPSTEIN and Others., Defendants.— Motion for leave to appeal to the Court of Appeals denied. Motion for a stay denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, and NASEEMA SALEEBY, Appellants, v. NAZURA D. SALEEBY and Others, Individually and as Heirs at Law and Next of Kin of SHAHEENIE SALEEBY, Deceased, and DORIS SHAPIRO, Respondents, Consolidated with NAZERA